UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENDRA HINDS, | **COMPLAINT** |
| Plaintiff, | |
| v. | Civil Action Number: 9:15-CV-1325 (GLS/TWD) |
| COUNTY OF ALBANY, CORRECTIONS OFFICER JOE, JANE DOE NUMBER ONE, JOHN DOE NUMBER TWO, INMATE MANDY, CRAIG APPLE, SR., and CHRISTIAN CLARK, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over claims relating to the violation of state law under the provisions of 28 U.S.C. § 1367. The Plaintiff has filed a contemporaneous Petition before the Albany County Supreme Court, pursuant to N.Y. Gen. Mun. Law § 50-e, seeking leave to file a Late Notice of Claim. Should the application be granted, the Plaintiff will immediately submit to an examination pursuant to N.Y. Gen. Mun. Law § 50-h.

1

3.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.      At all times relevant herein, Defendant Corrections Officer Joe was a corrections officers at the Albany County Jail, with his principal place of business being 840 Albany Shaker Road, Albany, New York. The exact identity of this individual is presently unknown, but Plaintiff is confident she will be able to determine it with minimal discovery.

5.      At all times relevant herein, Defendant Jane Doe Number One, was a female corrections officers at the Albany County Jail, with her principal place of business being 840 Albany Shaker Road, Albany, New York. The exact identity of this individual is presently unknown, but Plaintiff is confident she will be able to determine it with minimal discovery.

6.      At all times relevant herein, Defendant John Doe Number Two, was a male corrections officers at the Albany County Jail, with his principal place of business being 840 Albany Shaker Road, Albany, New York. The exact identity of this individual is presently unknown, but Plaintiff is confident she will be able to determine it with minimal discovery.

7.      At all times relevant herein, inmate Mandy was an individual who was detained at the Albany County at or around the same time as the Plaintiff. The exact identity of this individual is presently unknown, but Plaintiff is confident she will be able to determine it with minimal discovery.

8.      At all times relevant herein, Craig Apple, Sr. was the Sheriff of Albany County, with his principal place of business being 16 Eagle Street, Albany, New York. Claims in this action are asserted against Defendant Apple in his individual capacity.

9. At all times relevant herein, Christian Clark was the Jail Administrator of the Albany County Jail, with his principal place of business being 840 Albany Shaker Road, Albany, New York. Claims in this action are asserted against Defendant Clark in his individual capacity.

10. Defendant County of Albany is a municipality duly incorporated under the laws of the State of New York, with its principal place of business being 16 Eagle Street, Albany, New York.

## FACTS

11. At all relevant times, Plaintiff Kendra Hinds was a detainee at the Albany County Jail. In or about the end of August or early September 2014, Kendra Hinds was raped and sexually assaulted by a Corrections Officer, whose first name may be Joe ("Officer Joe"). Ms. Hinds believes that she was targeted by Officer Joe because of his perception that she was a lesbian given the various derogatory statements he made about her sexuality. During the first assault, Officer Joe grabbed Ms. Hinds by the back of the neck and forced her to give him fellatio. Officer Joe threatened Ms. Hinds not to tell anyone what happened, and also told her he would be back to finish what he started at a later time.

12. That night, Ms. Hinds tried to report the assault to another Corrections Officer, John Doe Number Two. Specifically, Ms. Hinds requested that Officer Doe bring a Sergeant or a supervisor so that she could report the assault. However, John Doe refused to call a Sergeant or provide any assistance to Ms. Hinds.

13. The next day, and having found out about Ms. Hinds attempt to report him, Officer Joe tried to rape Ms. Hinds. Upon information and belief, John Doe Number One told Officer Joe about Ms. Hinds' attempt to report his conduct. Officer Joe grabbed Ms. Hinds' breasts and pulled

down her pants. At that point, Ms. Hinds attempted to scream but Officer Joe covered her mouth. Officer Joe then penetrated Ms. Hinds. However, Ms. Hinds began fighting Officer Joe, and was eventually able to scream. Officer Joe then became panicked and left Ms. Hinds' cell.

14. Over the next several days, Ms. Hinds reported the rape and sexual assault to several county and correctional officials. Ms. Hinds also called an attorney who had represented her on prior criminal charges. This attorney also called several county and correctional officials in an attempt to have Ms. Hinds transferred to another correctional facility because of her fear of being raped and sexually assaulted again.

15. Before Ms. Hinds was transferred, she was attacked by an inmate, Defendant Mandy and a female Corrections Officer, Jane Doe Number One. Immediately prior to the assault, the inmate, called Ms. Hinds a snitch, and referred to Ms. Hinds' attempt to make a complaint about the rape. Inmate Mandy, who had a hard cast on her arm, then hit Ms. Hinds on her head, causing her head to bleed profusely. The corrections officer tackled Ms. Hinds and smashed her face repeatedly on the floor. Ms. Hinds began screaming and eventually, other Corrections Officers reported to the housing tier and intervened. Ms. Hinds was taken to the medical unit, and received several stitches in her head. Ms. Hinds was told that her jaw was broken, but no x-rays were taken by medical staff, nor was any meaningful medical treatment provided to the Plaintiff. Ms. Hinds was later informed by another detainee that they had overheard Jane Doe Number One conspire with inmate Mandy to assault Ms. Hinds.

16. Ms. Hinds suffered obvious emotional trauma as a result of the assault. Ms. Hinds continues to have debilitating headaches, likely because she suffered a severe concussion. Ms. Hinds was also diagnosed with Herpes, a condition that she never had before being raped by Corrections Officer Joe.

17. Ms. Hinds is not the first person to be sexually assaulted at the Albany County Jail. In fact, there have been numerous documented complaints and incidents involving sexual misconduct committed by jail staff, including but not limited to:

- In July and August 2014, approximately five other women reported that they had been raped by another corrections officers at the Albany County Jail. Defendant Craig Apple stated that "at least one victim's account was credible." **See Exhibit A**.

- In 2010, the Department of Justice issued a report on the Cost Impact Analysis of the Prison Rape Elimination Act and determined that the Albany County Jail was only 61% in compliance with the regulations imposed by the PREA.

- James Campbell, the prior Sheriff of Albany County, was quoted in an article as stating that he knew of five incidents involving sexual misconduct by staff at the jail in 2006, and three incidents in 2008.

- In 2007, detainees at the Albany County Jail were surveyed about their experiences at the jail. This sampling revealed that inmates reported sexual victimization by staff members at a rate of 3.1 percent, which exceed the national average of 2 percent.

- In 2003, Jon Teabout, Jr., who was the son of the assistant superintendent at the jail, pled guilty to felony sodomy for trading sexual favors with female inmates.

- In 2002, an Albany County Corrections Sergeant was convicted of sodomy after he admitted to having sex with a female detainee.

- In 1998, four Albany County Jail officers pled guilty to misdemeanor counts of official misconduct for trading cigarettes for sex with female inmates.

18. Upon information and belief, the supervisory Defendants were also aware of incidents at other New York State Correctional Facilities, which resulted in substantial publicity, and successful lawsuits.

19. Despite continuing problems with sexual misconduct between jail staff and female detainees, the County of Albany and the supervisory defendants failed to promulgate and/or enforce appropriate policies and procedures to avoid these problems. For example, the Defendants failed to adopt appropriate policies and procedures regarding the circumstances under which male Corrections Officers are permitted to be alone with female detainees, especially when they are

unsupervised, and/or in areas that are not monitored by video surveillance. Albany County also failed to install sufficient cameras in female housing units to ensure appropriate supervision and monitoring of male detainees. In fact, and upon information and belief, Albany County installed a camera in the women's housing unit after this incident, but the camera was placed in such a position that it would not capture most of the unit. Unlike other correctional facilities in this country, Albany County also could have required corrections officers to wear lapel cameras, and/or audio recorders, but failed to do so. At the very least, Albany County could have female Corrections Officers work on the female units. This solution would have been the easiest to implement in light of the fact that the male population at the Albany County Jail is significantly larger than the female population, and moving a male corrections officer to the men's housing unit would have caused little, if any, inconvenience.

20. Upon information and belief, the Supervisory Defendants (Apple, Clark) knew or should have known that a failure to implement appropriate policies, supervision, and training would create an obvious and serious risk of harm to female detainees given the Second Circuit's decision in *Cash v. County of Erie*, 654 F.3d 324 (2d Cir. 2001), cert. denied sub nom, *Erie County v. Cash*, 132 U.S. 1741 (2012). In that case, the Second Circuit held that a mere policy prohibiting sexual contact between staff and inmates was not enough. *Id*. Rather, the Court held that the failure to adopt appropriate policies and procedures to address "unmonitored one-on-one interactions between guards and prisoners, demonstrated deliberate indifferent to defendants' affirmative duty to protect prisoners from sexual exploitation." *Id*. As such, the Defendants failure to adopt any meaningful policies and procedures, in light of the persistent and repeated sexual assaults that occurred previously at the Albany County Jail, is inexcusable.

21. The Defendants herein, and each of them, acted within the scope of their authority to act as public servants for the State of New York.

22. During all times mentioned in this Complaint, Defendants were acting under color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of New York. Defendant Officer Joe acted within the scope of his authority and acted under color of state law, as he was in uniform and on-duty during the assault, which also occurred at the Albany County Jail. Also, Defendant Joe was able to engage in such conduct because he was given unfettered and unsupervised access to female detainees by the supervisory defendants.

23. Defendants should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of the Plaintiff.

### AS AND A FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CORRECTIONS OFFICER JOE

**Violation of Constitutional Rights Under Color of State Law
-- Substantive Due Process --**

24. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

25. The Fourteenth Amendment to the United States Constitution protects the bodily integrity of all citizens, and protects citizens from being sexually harassed and sexually accosted by government officials.

26. The actions of Defendant Officer Joe clearly violate the 14th Amendment to the United States Constitution, in that his sexual assault of Plaintiff Kendra Hinds is patently illegal.

27. Defendant Officer Joe's actions were motivated by bad faith and malice.

28. Defendant Officer Joe's conduct also represents a violation of 42 U.S.C. § 1983, given that his actions were undertaken under color of state law.

29. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## AS AND A FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CORRECTIONS OFFICER JOE, JANE DOE AND INMATE MANDY

### Violation of Constitutional Rights Under Color of State Law
### -- Cruel and Unusual Punishment –

30. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

31. The Eighth Amendment to the United States Constitution prohibits the cruel and unusual punishment of detainees that are incarcerated by the State. Obviously, being sexually assaulted by a corrections officer is not part of the normal penal regimen, and violates contemporary standards of decency.

32. The actions of Defendant Officer Joe clearly violate the Eighth Amendment to the United States Constitution.

33. The actions of Jane Doe and Inmate Mandy also violated the Eight Amendment to the United States Constitution. It was not objectively reasonable for Jane Doe and Mandy to conspire to, and actually assault, Ms. Hinds as a result of her attempt to report that she had been raped. Inmate Mandy, by virtue of conspiring to violate someone's civil rights with a state actor, was also acting under color of state law when she assaulted Plaintiff.

34. The Defendants' actions were motivated by bad faith and malice.

35. The Defendants' conduct also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

36. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

### AS AND A FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CORRECTIONS OFFICER JOE, JANE DOE AND INMATE MANDY

**Violation of Constitutional Rights Under Color of State Law
-- First Amendment Retaliation –**

37. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

38. The First Amendment to the United States Constitution protects citizens from being retaliated against for engaging in protected speech. Obviously, Plaintiff's report that she had been sexually assaulted to John Doe Number One, among other corrections staff, is protected First Amendment speech.

39. The actions of Defendant Officer Joe clearly violate the First Amendment to the United States Constitution, in that it was not objectively reasonable for him to rape Ms. Hinds after she reported her first sexual assault.

40. The actions of Jane Doe and Inmate Mandy also violated the First Amendment to the United States Constitution. It was not objectively reasonable for Jane Doe and Mandy to conspire to, and actually assault, Ms. Hinds as a result of her attempt to report that she had been raped. Inmate Mandy, by virtue of conspiring to violate someone's civil rights with a state actor, was also acting under color of state law when she assaulted Plaintiff.

41. The Defendants' actions were motivated by bad faith and malice.

42. The Defendants' conduct also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

43. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## AS AND A FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE NUMBER ONE

### Violation of Constitutional Rights Under Color of State Law
### -- Failure to Protect from Harm –

44. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

45. The Due Process Clause of the United States Constitution provides that the government has an obligation to protect individuals from harm when the government has a special relationship with an individual. This duty to protect has been applied to the government's responsibility to protect inmates, such as Ms. Hinds, from being sexually assaulted.

46. The actions of Defendant John Doe Number violated the Plaintiff's rights under the Due Process Clause. It was not objectively reasonable for John Doe Number One to ignore Ms. Hinds' pleas for help when she reported the sexual assault to him, especially in light of his affirmative obligations under the Prison Rape Elimination Act.

47. The Defendant's actions were motivated by bad faith and malice.

48. The Defendant's conduct also represents a violation of 42 U.S.C. § 1983, given that his actions were undertaken under color of state law.

49. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

### AS AND A FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, CRAIG APPLE, SR., AND CHRISTIAN CLARK

**Violation of Constitutional Rights Under Color of State Law**
**-- Implementation of Policies and Practices that Directly Violate Constitutional Rights and Failure to Implement Policies to Avoid Constitutional Deprivations --**

50. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

51. Upon information and belief, Defendants Craig Apple, Sr., and Christian Clark were responsible for implementing policies and procedures to avoid the constitutional deprivations of detainees in the custody of the Albany County Jail.

52. These Defendants failed to implement and/or enforce appropriate policies at the Albany County Jail on a variety of subjects, including sexual harassment, cross-gender supervision, avoidance of sexual assault, monitoring of male Corrections Officers' interactions with female inmates, supervision of female housing units, and sexual assault reporting/prevention.

53. Upon information and belief, the custom and practice of Albany County Jail is to allow male COs to supervise female inmates while they are alone, including allowing male Corrections Officers to observe female inmates while they are in a complete state of undress, and also allowing them to enter the housing units of female inmates without supervision. These activities are all allowed to occur in the absence of video monitoring of the male Corrections Officers' activities. Supervisory Officials in Albany County have also taken a nonchalant attitude toward both possible and confirmed cases of sexual assault of female inmates by male Corrections Officers; sexual assaults that are completely avoidable had Albany County enacted appropriate policies to prevent them.

54. In the alternative, and upon information and belief, the Defendants named above have instituted policies addressing the supervision and possible sexual assault of female inmates,

but then have, through gross negligence and carelessness, demonstrated deliberate indifference to inmates under their care by failing or intentionally refusing to enforce them.

55. The policies, procedures, customs and practices of the above-named Defendants violated the Constitutional rights of Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

56. The policies, procedures, customs and practices of the above-named Defendants also represent a violation of 42 U.S.C. § 1983, given that they were undertaken under color of state law.

57. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## AS AND A FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, CRAIG APPLE, SR., AND CHRISTIAN CLARK

### Violation of Constitutional Rights Under Color of State Law
### -- Failure to Train/Supervise/Discipline --

58. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

59. Upon information and belief, Defendants Craig Apple, Sr., and Christian Clark were responsible for training, supervising and disciplining Defendant Officer Joe, among other corrections officers at the Albany County Jail.

60. These Defendants failed to appropriately train, supervise, and discipline Defendant Officer Joe, amongst other corrections officers at the Albany County Jail, on a variety of subjects, including sexual harassment, cross-gender supervision, avoidance of sexual assault, monitoring of male Corrections Officers' interactions with female inmates, escorting female inmates, supervision

of female housing units, and sexual assault reporting/prevention. This is evident given the frequent and widespread nature of the sexual assaults at the Albany County Jail, and the failure of the supervisory defendants to take any meaningful action in response to suspected and/or known incidents of sexual misconduct.

61. In the alternative, and upon information and belief, the Defendants named above have instituted appropriate training regimens, but then have, through gross negligence and carelessness, demonstrated deliberate indifference to inmates under their care by failing or intentionally refusing to enforce them.

62. The policies, procedures, customs and practices of the above-named Defendants violated the Constitutional rights of Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

63. The policies, procedures, customs and practices of the above-named Defendants also represent a violation of 42 U.S.C. § 1983, given that they were undertaken under color of state law.

64. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS OFFICER JOE, JANE DOE, AND THE COUNTY OF ALBANY

**Violation of State Law – Assault and Battery**

65. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

66. The actions of Defendant Officer Joe constitute Assault and Battery under New York law. Specifically, Defendant Joe's actions, in sexually assaulting and raping Ms. Hinds, constitutes Assault and Battery.

67. The actions of Defendant Jane Doe also constitutes Assault and Battery under New York Law. Specifically, Defendant's actions, in repeatedly striking Ms. Hinds, constitutes Assault and Battery.

68. Defendant Albany County employed Defendant Officer Joe and Jane Doe at the time of this assault, and as such, is vicariously liable for their actions.

69. Defendants Officer Joe and Jane Doe acted within the scope of their authority. As such, Defendant County of Albany is vicariously liable for the actions and inactions of Defendant Officer Joe.

70. As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS OFFICER JOE, JANE DOE, INMATE MANDY AND THE COUNTY OF ALBANY**

**Violation of State Law – Intentional/Negligent Infliction of Emotional Distress**

71. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

72. The Individual Defendants' actions constitute intentional and/or negligent infliction of emotional distress under New York law. Specifically, Plaintiff suffered irreparable emotional injuries when she was sexually assaulted, raped, and physically assaulted in retaliation for reporting the assaults.

73. Defendants Joe and Jane Doe acted within the scope of their authority. As such, Defendant County of Albany is vicariously liable for the actions and inactions of Defendants Officer Joe and Officer Jane Doe.

74. As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ALBANY, CRAIG APPLE, SR., AND CHRISTIAN CLARK

### Violation of State Law – Negligent Supervision and Retention of Employee

75. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

76. The actions and inactions of the above named Defendants constitute the negligent supervision and/or retention of employees under New York law. Specifically, the above named defendants were responsible for supervising and/or disciplining Defendant Officer Joe, and other Corrections Officers, and failed in that duty given the allegations made herein.

77. As a direct and proximate result of the acts described above, Plaintiff has been irreparably injured.

## DEMAND FOR PUNITIVE DAMAGES

78. The actions of the individual defendants described above were extreme and outrageous, and shock the conscience of a reasonable person. Therefore, an award of punitive damages is appropriate to punish the Defendants for the cruel and uncivilized conduct. The Plaintiff does not seek punitive damages against Defendant County of Albany.

**DEMAND FOR TRIAL BY JURY**

79. The Plaintiff hereby respectfully requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kendra Hinds requests that this Honorable Court grant her the following relief:

A. A judgment against all Defendants awarding Compensatory Damages to the Plaintiff in an amount to be determined by a properly charged Jury;

B. A judgment against the Individual Defendants awarding Punitive Damages to the Plaintiff in an amount to be determined by a by a properly charged Jury;

C. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988; and,

D. Any other relief that this Court finds to be just, proper and equitable.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated: November 6, 2015

_____
Elmer Robert Keach, III, Esquire
Maria K. Dyson, Esquire
LAW OFFICES OF
ELMER ROBERT KEACH, III, PC
One Pine West Plaza, Suite 109
Albany, NY   12205
Telephone: 518.434.1718
Telecopier: 518.770.1558
Electronic Mail:
bobkeach@keachlawfirm.com

**ATTORNEYS FOR PLAINTIFF**